**Bruce Wyatt CASSASA, Plaintiff and Appellant,**

v.

**Louis S. NELSON, Warden, San Quentin State Prison, Appellee.**

**No. 26864.**

United States Court of Appeals, Ninth Circuit.

Dec. 10, 1971.

Bruce Wyatt Cassasa (argued), in pro. per.

William D. Stein, Deputy Atty. Gen. (argued), Evelle J. Younger, Atty. Gen. of Cal., John T. Murphy, Deputy Atty. Gen., Michael J. Phelan, Asst. Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

The order denying the petition for a writ of habeas corpus is affirmed.

If there be any error in the state court proceedings, and we do not mean to imply that we find any, it would not rise to constitutional proportions.

We append hereto, post, as an appendix, the district court's order of September 3, 1970.

APPENDIX

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE WYATT CASSASA,

vs.                              *Petitioner,*

L. S. NELSON, Warden, San Quentin State          No. C–70 19 AJZ
Prison,

*Respondent.*

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, although a layman limited to prison facilities, forcefully and skillfully argues in his petition for writ of habeas corpus that the pretrial identification procedures in his case violated due process, and that the introduction at trial of uncharged offenses in order to show a "common scheme" also violated due process.

Respondent argues that petitioner has not exhausted his state remedies, and that even if he had exhausted such remedies, the claims do not support constitutional violations. With regard to exhaustion, the unpublished opinion of the California Court of Appeals which is part of the file herein shows that petitioner did challenge the admission of evidence of similar offenses, and the court rejected such claim.

The file also reflects that petitioner did not raise before the state court his claim that the witness Merrill saw petitioner being photographed by the police *prior* to Merrill's photo identification of petitioner. The Supreme Court in Townsend v. Sain, 372 U.S. 293, 313, 317, 83 S.Ct. 745, 757, 759, 9 L.Ed.2d 770 (1963), lays down the rule for exhaustion of claims relating to "new evidence." The court stated: "A federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: . . . (4) there is a substantial allegation of newly discovered evidence," and that evidence "could not reasonably have been presented to the state trier of facts . . ." The affidavit of petitioner regarding this evidence satisfies the requirement that the failure to present the claim to the state court was "not attributable to the inexcusable neglect of petitioner." Townsend v. Sain, *supra* at 317, 83 S.Ct. at 759. Therefore, the argument that petitioner has not exhausted is not persuasive. However, respondent's argument that even if such evidence were true, there is no *constitutional* violation, is meritorious.

In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1964), the Court indicated that a single suspect identification is disfavored but not unconstitutional *per se.*

The due process formulas announced in *Stovall* and in Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L. Ed.2d 1247 (1968), indicate that a reviewing court may conclude that an accused has been denied due process of law only if it finds *both* (1) that the defendant was subjected to pretrial identification procedures which were unnecessarily suggestive and conducive to misidentification, and (2) that there exists a substantial possibility of misidentification and wrongful conviction. When unquestioned evidence eliminates any substantial possibility of mistaken identification, a conviction comports with due process of law notwithstanding somewhat suggestive pretrial identification procedures, absent demonstrated bad faith on the part of the authorities.

In *Simmons* the Court stated at 384, 88 S.Ct. at 971:

" . . . [C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

Taking the evidence presented at the trial as a whole, the court cannot say the identification procedure violated due process.

The "new evidence" which alleges that the witness Merrill saw petitioner being photographed does not change the court's conclusion. If a single-suspect photo identification is not unconstitutional in this case, a single-suspect "live" identification is not unconstitutional. Indeed, the "live" identification may be less likely to cause a misidentification than the photo procedure.

Petitioner also argues that the introduction into evidence of similar un-

charged offenses violated due process. The similar acts relate to two grass fires in the same general locality during a six-week period prior to the charged offense. The evidence that petitioner started such fires was circumstantial, but not unfounded. The evidence was introduced for the purpose of proving the identity of petitioner with regard to the charged offense. Such evidence is only proper under state law if there are distinctive "common marks" which give logical force to the inference of identity. See People v. Haston, 69 Cal.2d 233, 247, 70 Cal.Rptr. 419, 444 P.2d 91 (1968).

Whether such prior acts were properly admitted into evidence is a question of state law unless their admission was so prejudicial as to violate fundamental due process and the right to a fair trial.

In the case before the court, the facts that the fires were near roads, in grassy terrain in the mid-afternoon in warm and breezy weather are not distinctive common marks considering the nature of the crime, and the fact that during the six-week period in question 44 such incendiary fires occurred, 20 of which were near roads, 31 in the afternoon and almost all in warm, breezy weather. However, there is other evidence of common marks that were distinctive. A blue 1956 Oldsmobile like petitioner's was present at the scene of the two uncharged offenses. At one of the similar offenses a witness took the license number, which was that of petitioner. A witness to the other similar offense identified petitioner as the driver of the Oldsmobile and testified he then had a small beard; he still had such a beard at the time of the charged offense and the time of his arrest, but not at trial. The marks of the car, the license number and beard add distinctiveness of identity to the congeries of routine similarities among grass fires, just as the presence of an identified accomplice at the charged and uncharged offenses added a distinctive common mark in People v. Haston, *supra* at 245, 70 Cal.Rptr. 419, 444 P.2d 91, and People v. Cavanaugh,

69 Cal.2d 262, 273–274, 70 Cal.Rptr. 438, 444 P.2d 110 (1968).

Given such facts the court concludes that although the introduction into evidence of such acts may be open to criticism, it does not rise to the level of a constitutional violation cognizable by the federal court.

It is ordered that the petition for a writ of habeas corpus is denied and the proceedings are dismissed.