**Lee Holden PARKER, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 71–1593.**

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1972.

Decided April 24, 1972.

Rehearing Denied May 18, 1972.

---

---

Lee Holden Parker, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before GIBSON, HEANEY and ROSS, Circuit Judges.

## PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus to Lee Holden Parker, a state prisoner who sought the writ pursuant to 28 U.S.C. § 2254. We affirm the denial of the writ.

Parker was convicted, in Missouri state court, of robbery in the first degree by means of a deadly and dangerous weapon. That conviction was modified and affirmed by the Supreme Court of Missouri. State v. Parker, 458 S.W. 2d 241 (Mo.1970). The facts of the state court proceedings are carefully set forth by Judge Webster in Parker v. Swenson, 332 F.Supp. 1225 (E.D.Mo. 1971), and no useful purpose would be served in repeating them here.

The grounds upon which Parker sought the writ of habeas corpus were described by Judge Webster as follows:

"His principal contentions are that he was denied due process of law (1) by the introduction of certain photographs at trial, (2) by in-court identifications which he contends were 'tainted' by constitutionally impermissible methods of pretrial identification and (3) by introduction of evidence which he contends was illegally seized." *Id.* at 1226.

On this appeal, Parker makes the same allegations and further complains that Judge Webster did not consider certain other of his allegations relating to (1) alleged false testimony concerning the ownership, illegal seizure and use of a prearrest identification picture, (2) discrepancies in the eye witness testimony of the victims, and (3) the refusal of the state trial court to allow a hearing outside the presence of the jury on the photographic and lineup identification of Parker by the victims.

■ We have carefully studied the record, and we conclude that Judge Webster correctly decided each of the first two issues which he describes as Parker's "principal contentions." As to the third "principal contention," which relates to the admission into evidence of a pipeholder taken from the defendant at the time of his arrest, the legality of that search and seizure need not be passed on by this Court since the admission of the pipeholder into evidence was at most harmless error beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The first of the additional issues raised by Parker on this appeal was dealt with, and correctly so, by Judge Webster when he stated:

"Petitioner contends that the photograph shown to the victims on July 18 was actually one stolen from his locker at Dismas House by the police prior to his arrest. However, petitioner did not present evidence of this contention at trial, contending that he would have had to take the stand to do so, opening the opportunity for the prosecution to inquire of his prior conviction. He now petitions this court to hold a hearing on the point.

"Petitioner's decision not to testify was a matter of trial strategy. The fact that his testimony would be subject to attack through use of his prior

conviction was simply a factor to be considered in arriving at a decision whether to take the stand. Pope v. Swenson, 395 F.2d 321 (8th Cir. 1968); Hill v. Nelson, 423 F.2d 167 (9th Cir. 1970); Wright v. Craven, 412 F.2d 915 (9th Cir. 1969); Cowens v. Wainwright, 373 F.2d 34 (5th Cir.), cert. denied, 387 U.S. 913, 87 S.Ct. 1705, 18 L.Ed.2d 637 (1967); Williams v. Beto, 354 F.2d 698 (5th Cir. 1965); Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964)." *Id.* at 1230.

The second additional allegation concerning discrepancies in the eye witness testimony of the victims was also discussed and properly disposed of by Judge Webster as follows:

"It is apparent that the descriptions originally given police by these witnesses did not coincide with some of petitioner's more outstanding physical characteristics. But the discrepancies do not involve permanent physical traits save the color of eyes and hair and the existence of scars over Parker's eyes. As to these, petitioner's hair is dark, whether brown or black. It should be remembered that the assailant was viewed under fluorescent lighting. Both Officers Allers and Lepping testified that they noticed no scars on petitioner's face when they arrested him on July 18. Although they were able to see marks on the July 18 'mugshot', both officers also stated they were more visible on petitioner's face at trial than they were on the photograph. All of the other discrepancies brought out at trial had to do with inconsistencies in the victims' statements regarding the photograph they were shown on July 18. In this connection, the victims were shown many photographs at that time. At most, it went to the weight of the testimony." *Id.* at 1231–1232.

Although the third contention, relating to the necessity of holding a hearing outside the presence of the jury on the photographic and lineup identifications of Parker by the victims, was not directly dealt with, Judge Webster's finding, upon review of the record, that the in-court identifications were of independent origin, adequately disposes of Parker's claim. It is true that "[t]he admission of the in-court identifications without first determining that they were not tainted by the illegal lineup but were of independent origin was constitutional error." Gilbert v. California, 388 U.S. 263, 272, 87 S.Ct. 1951, 1956, 18 L. Ed.2d 1178 (1967); *cf.* United States v. Wade, 388 U.S. 218, 242, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); United States v. Ranciglio, 429 F.2d 228, 230 (8th Cir.), cert. denied, 400 U.S. 959, 91 S.Ct. 358, 27 L.Ed.2d 268 (1970). However, the Supreme Court, in *Gilbert* and *Wade*, found it necessary to remand those cases for a hearing to afford the state an opportunity to establish that the in-court identifications had an independent source only because the records were inadequate to permit such a determination. Gilbert v. California, *supra*, 388 U.S. at 272, 87 S.Ct. 1951; United States v. Wade, *supra*, 388 U.S. at 242, 87 S.Ct. 1926; *accord*, State v. Mentor, 433 S.W.2d 816, 818 (Mo.1968). In this case, Judge Webster carefully reviewed the evidence upon an adequate record and determined correctly that the in-court identification of Parker by the two victims was based upon the fact that both victims had ample opportunity to view Parker for one and one-half hours during the commission of the crime. Therefore, Judge Webster did reliably determine that the in-court identification had an independent source, and it cannot be said that the state trial court's refusal to grant a hearing outside the presence of the jury as to the identification of Parker by the victims was error requiring the issuance of the writ of habeas corpus.

For the reasons hereinbefore stated, the judgment denying the writ of habeas corpus is affirmed.