Cleveland UMBAUGH, Appellant,

v.

Terrell Don HUTTO, Commissioner of Corrections, State of Arkansas, Appellee.

No. 73–1113.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1973.

Decided Oct. 29, 1973.

· John G. Lile, III, Pine Bluff, Ark., for appellant.

James W. Atkins, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before MR. JUSTICE CLARK,* and HEANEY and BRIGHT, Circuit Judges.

CLARK, Associate Justice.

Cleveland Umbaugh, appellant, stands convicted in the Circuit Court of Arkansas of the offense of kidnapping Joselyn Howard for the purpose of committing a felony. The evidence showed that Miss Howard had been kidnapped and transported to a secluded spot for the purpose of raping or otherwise physically assaulting her. At appellant's trial, Birtie Smith, Umbaugh's relative by marriage, testified that he had driven her to the same secluded spot some fifteen months earlier and had forced her to have sexual relations by threatening the life of her child who was accompanying them. Umbaugh claimed on direct appeal, as he claims in the present petition for federal habeas relief, that this testimony was highly inflammatory and prejudicial to him and that the error in admitting it ˙ reached constitutional proportions. However, the Supreme Court of Arkansas found no merit in the claim; it held that the testimony was admissible for the limited purpose of showing Umbaugh's motive and intent in kidnapping and taking Miss Howard to the same area for the same purpose, which proof of intent was necessary to the charge of kidnapping with intent to commit a felony. We agree and affirm.

1. *The Facts*:

Umbaugh, a 22 year old married white man and his 19 year old white companion, Darrell Hurley, were sitting in Umbaugh's parked automobile as Joselyn Howard, a 17 year old black high school girl, came by on her way home from school. Umbaugh asked Miss Howard if she wanted a ride, and when she refused, he got out of the car, seized her, forced her into the car, gagged her and locked the door. Meanwhile Hurley got in the back seat and Umbaugh drove to Wildcat Mountain near the Arkansas River. There he forced her to disrobe and raped her while she was in the front seat of the car. She lost consciousness for awhile, but after regaining it she found Umbaugh pulling her from the car. He blindfolded her and pushed her down a hill, threatening to throw her into the river. She escaped as both men chased her, throwing rocks at her and attempting to force her into the river. She eluded them and got help from the first house she reached.

Hurley testified against Umbaugh, corroborating Miss Howard's story and admitting that he too had raped her. At trial Umbaugh admitted that he picked Miss Howard up and that he and Hurley took her to Wildcat Mountain where they both had sexual relations with her. He testified, however, that she willingly entered his car and drove with them to the mountain location and affirmatively consented to the sexual relations.

To prove the charge of kidnapping with intent to commit a felony, the State offered the testimony of Miss Howard, Hurley and Mrs. Birtie Smith, Umbaugh's relative by marriage. Mrs. Smith testified that she was visiting her brother (the husband of Umbaugh's sis-

---

* Associate Justice Tom C. Clark, United States Supreme Court, Retired, is sitting by designation.

ter) in Barling, Arkansas, in December 1968. Umbaugh offered to drive her and her three year old child to their home in Arkoma, Oklahoma. On the pretext of using a shorter route, Umbaugh drove them to Wildcat Mountain and there threatened to kill Mrs. Smith's child unless Mrs. Smith had intercourse with him. When he actually began choking the child, Mrs. Smith submitted.

Umbaugh testified that in both instances, the women willingly accompanied him to Wildcat Mountain and willingly engaged in sexual relations with him. He admitted blindfolding Miss Howard and telling her that he was going to throw her in the Arkansas River and drown her and that he threw rocks at her and ran after her. This was all in fun, he said, and was just to torment, tease and scare her.

2. *Evidence of Similar Offenses Closely Related in Time and Place*

■ It is, of course, axiomatic that evidence of other crimes may not be introduced merely for the purpose of showing the accused to be a man of bad character likely to commit the crime charged: Lovely v. United States, 169 F.2d 386, 388 (4 Cir. 1948). However, in the present case the evidence was admitted for the limited purpose of showing Umbaugh's motive and intent in committing the offense charged, i. e., kidnapping with intent to commit a felony. As Judge Parker said in *Lovely, supra*, at 388, 390:

"It is true, of course, that evidence which has a reasonable tendency to establish the crime charged in the indictment is not rendered inadmissible merely because it establishes another crime; . . . Evidence of the commission of similar offenses closely related in time and place may, however, be relevant on such matters as identity, guilty knowledge, motive or intent where these are in issue . . . .
\* \* \*

"While evidence of other similar offenses is held admissible for the purpose of establishing intent in cases of assault with intent to commit rape (Wigmore on Evidence, 2d Ed. Sec. 357), and evidence of other offenses of like character is admissible in prosecutions for crime involving a depraved sexual instinct (See Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85), the overwhelming weight of authority is that such evidence is not admissible in prosecutions for rape. The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. Acts showing a perverted sexual instinct are circumstances which with other circumstances may have a tendency to connect an accused with a crime of that character. The fact that one woman was raped, however, has no tendency to prove that another woman did not consent." (Footnote omitted.)

It is well to bear in mind that Umbaugh was not charged with rape but with kidnapping for the purpose of committing a felony.

Wigmore teaches us that proof of other offenses is permissible for the purpose of establishing intent, citing as examples cases of assault with intent to commit rape. Wigmore 3rd Ed. (1940), § 357. Where the offense charged requires proof of some overt act, kidnapping here, together with a specific intent to commit another felony, Wigmore says that the propriety of using evidence of other similar acts to prove the necessary intent "cannot be doubted." *Id.*, at 266. McKenzie v. State, 250 Ala. 178, 33 So.2d 488 (1948); Gerlach v. State, 217 Ark. 102, 299 S.W.2d 37 (1950); Hearn v. State, 206 Ark. 206, 174 S.W. 2d 452 (1943); People v. Nye, 38 Cal.2d 34, 237 P.2d 1 (1951); State v. Cupit, 189 La. 509, 179 So. 837 (1938); State v. Spain, 3 N.C.App. 266, 164 S.E.2d 486 (1968).

The federal system has long recognized the same evidentiary rule. As early as Wood v. United States, 16 Pet. 342, 10 L.Ed. 987 (1842), the Supreme

Court has permitted the introduction of other acts and doings of the party of a kindred character to illustrate or establish his intent or motive in the particular act in judgment. "Indeed," the Court stated, "in no other way would it be practicable . . . to establish such intent or motive, for the single act taken by itself may not be decisive either way; but when taken in connection with others of the like character and nature, the intent and motive may be demonstrated almost with a conclusive certainty." At 360. *See* Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85 (1944) (dictum), cert. denied, 322 U.S. 762, 64 S.Ct. 1274, 88 L.Ed. 1589; Williams v. United States, 272 F.2d 40 (8 Cir. 1959); Kansas City Star v. Sees, 240 F.2d 643 (8 Cir. 1957); Owens v. United States, 201 F.2d 749 (4 Cir. 1953); Stein v. United States, 166 F.2d 851 (9 Cir. 1948); Blodgett v. United States, 161 F.2d 47 (8 Cir. 1947); Weiss v. United States, 122 F.2d 675 (5 Cir. 1941). The Supreme Court has also held that the Fourteenth Amendment leaves the states free to adopt rules of relevance in situations of this type. Lisenba v. California, 314 U.S. 219, 227–228, 62 S.Ct. 280, 86 L.Ed. 166 (1941).

■ Mrs. Smith testified that 15 months before the kidnapping of Miss Howard appellant Umbaugh took her to Wildcat Mountain and raped her. It is undisputed that Umbaugh also took Miss Howard to Wildcat Mountain and had sexual intercourse with her there. There was sufficient similarity between the two incidents to justify the trial judge's allowance of Mrs. Smith's testimony for the limited purpose of proving Umbaugh's intent in kidnapping Miss Howard. Taking into account that the admission of evidence and the proper balancing of its relevance against its prejudicial effect is within the sound discretion of the trial court, Blodgett v. United States, *supra*, 161 F.2d, at 51, we think the District Court's denial of habeas corpus relief was correct.

■ In conclusion, however, we add the *caveat* that not all evidence of prior crimes that has some bearing, however tenuous, on intent or motivation is admissible for that purpose. Discretion must be exercised on a case by case basis. As noted in the comment to Rule 404(b), Rules of Evidence for United States Court and Magistrates (proposed Nov. 20, 1972), 56 F.R.D. 183, 221:

> * * * the rule [that evidence of other crimes or acts relevant to motive, intent, etc. need not be excluded] does not require that the evidence be excluded. No mechanical solution is offered. The determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence, in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403.

The judgment is affirmed.