**Harry J. MANNING, Petitioner-Appellant,**

v.

**Jimmy H. ROSE, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 74–1121.**

United States Court of Appeals, Sixth Circuit.

Dec. 13, 1974.

---

Harry J. Manning, William C. Conway, Franklin, Tenn. (court appointed), for petitioner-appellant.

Milton P. Rice, Atty. Gen. of Tenn., Nashville, Tenn., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

At petitioner-appellant's ("appellant") state court trial on charges of the armed robbery on November 8, 1971, of one Robert Sheehan, the trial judge permitted, over defense objections,[1] one Charles

---

1. Though the state court of criminal appeals found "no objection to Heathcott's testimony about the defendant robbing him," Manning v. State, No. A–8354 (Tenn.Ct.Crim.App. Feb. 7, 1973), we read the trial transcript different- ly and assume, for purposes of this opinion, that appellant properly objected to such testimony. Appellant's attorney objected to such "evidence as being highly prejudicial." Trial Transcript 96. The trial court, however, ad-

Heathcott to testify that appellant had robbed him on November 5, 1971, four to five blocks from where Mr. Sheehan was robbed. The trial judge admitted evidence of the Heathcott robbery for the limited purpose of possibly identifying the robber of Mr. Sheehan.[2] Mr. Heathcott testified that, after he had told his robber that he had no money, his robber told him, "Don't lie to me or I'll blow a hole through you." Mr. Sheehan testified that one of his two robbers told him, "Do exactly as I tell you or I'll blow a hole in you." Appellant asserted the alibi defense that he was shooting pool at the time of the Sheehan robbery.

Appellant was convicted and sentenced to ninety-nine (99) years' imprisonment.

The state court of criminal appeals rejected appellant's claim that the trial court erred in admitting evidence of the Heathcott robbery,[3] but reversed appellant's conviction because the trial judge failed to instruct the jury concerning alibi. The state supreme court, however, reinstated appellant's conviction because the trial judge has no duty to give an unrequested alibi instruction where defendant fails to "fairly raise" an alibi defense.[4]

Appellant thereafter filed, *pro se,* in federal district court the instant petition for writ of habeas corpus, claiming that he should be released because evidence of the Heathcott robbery was admitted[5]

---

mitted the evidence prompting appellant's attorney to "most respectfully except to the Court's ruling." The trial court acknowledged the attorney's exception. Trial Transcript 100.

2. The state court of criminal appeals' opinion, Manning v. State, footnote 1, *supra,* indicates that the trial judge twice cautioned the jury concerning the limited purpose of the Heathcott testimony. At the conclusion of the direct examination of Mr. Heathcott, the court made the following statement to the jury:

"Members of the jury, let me admonish you about the admission of this testimony about this other offense a few days before the one on trial here. Of course, the fact that he robbed this man, whoever he was, or this defendant, if he did, before that, doesn't throw any light on the fact of whether or not he is guilty in this case, except for one purpose, and it is only admitted for your consideration for one purpose only, and that is to help you if any it does to determine the identity of the man that robbed Mr. Sheehan, the man that is on trial. It can only be considered by you for the purpose of determining identity. That's the only purpose for which the state offers it and the only purpose for which it can be considered. Please remember that."

Moreover, the court charged the jury:

"Members of the jury, the testimony of Mr. Heathcott with reference to having been robbed by the defendant shortly prior to the alleged robbery in this case has been admitted for your consideration. Members of the jury, I charge you that this evidence was admitted for your consideration for the purpose of showing, if any it does, that the crime in this case was committed by the identical person on trial. The proof of this independent crime such as Mr. Heathcott

related cannot be considered by you as evidence of the guilt or innocence of the accused in the case now on trial, but is admitted for the purpose of showing the defendant's identity, if any it does, and must not be considered by you otherwise."

By twice, and particularly by promptly, admonishing the jury, the trial judge comported with preferred practice. See Note, Developments in Evidence of Other Crimes, 7 Mich.J. L.Ref. 535, 547 (1974). See generally Spencer v. Texas, 385 U.S. 554, 562, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

3. The state court of criminal appeals sustained the admission on several grounds. First, it found that appellant had failed to object to such evidence. But see footnote 1, *supra.* Second, it found that defense counsel waived any objection by cross-examining Mr. Heathcott concerning his robbery. Third, it found that the trial judge's cautionary instructions, footnote 2, *supra,* cured the evidence of prejudice. Finally, even assuming sufficient objection, no waiver and prejudice, the court found such evidence admissible. Manning v. State, footnote 1, *supra.*

4. The state supreme court held that the defense of alibi is "fairly raised" only where (1) credible witnesses corroborate defendant's alibi, (2) the victim has failed to identify defendant, or (3) the proof against defendant is wholly circumstantial. Manning v. State, Tenn., 500 S.W.2d 913 (1973).

5. Though appellant, in his *pro se* petition, implied that the admission of the Heathcott testimony "surprised" him, no such claim is advanced on appeal. Moreover, appellant cannot assert a bona fide claim of surprise in that his attorney, when Mr. Heathcott was called as a witness, asked "for the jury to be excused, because I think I know what this

and because no alibi instruction was given. The district court, on November 27, 1973, denied appellant's petition in finding that appellant's claims were "entirely matters of State law, and do not involve the violation of any federally guaranteed right." We affirm.

Though Anglo-American jurisprudence generally precludes admitting evidence of other crimes, Note, Other Crimes Evidence at Trial: of Balancing and Other Matters, 70 Yale L.J. 763 (1961), evidence of other crimes may be admitted to prove scheme or plan, motive, knowledge, intent, absence of mistake or accident, or identity. Turner v. United States, 426 F.2d 480, 483–484 (6th Cir. 1970); United States v. Neal, 344 F.2d 254, 255 (6th Cir. 1965) (dictum); McCormick, Evidence § 190 (1972); accord, Proposed Fed.Rule of Evidence 404(b); Uniform Rule of Evidence 55. American jurisdictions nearly universally have rules somewhat similar to the Tennessee common law rule allowing "clear and convincing" evidence of other crimes to establish identity.[6] Of course,

> "that a practice is followed by a large number of states is not conclusive in a decision as to whether that practice accords with due process, but it is plainly worth considering in determining whether the practice 'offends some principle of justice so rooted in the traditions and conscience of our people to be ranked as fundamental.'" Leland v. Oregon, 343 U.S. 790, 798, 72 S.Ct. 1002, 1007, 96 L.Ed. 1302 (1952),

citing Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674 (1934). Accord, McKeiver v. Pennsylvania, 403 U.S. 528, 548, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

The improper admission under Tennessee law of evidence of the Heathcott robbery, of course, is immaterial on federal habeas corpus.[7] Similarly, even the conceded propriety under Tennessee law of admitting such evidence would fail to preclude finding that the evidence was improper under the federal due process clause. Phillips v. Neil, 452 F.2d 337 (6th Cir. 1971), cert. denied, 409 U.S. 884, 93 S.Ct. 96, 34 L.Ed.2d 141 (1972). Our inquiry, then, is whether the admission of such evidence violated federal due process, rather than whether it violated state law.

Federal courts have construed the due process clause as "permitting the states wide latitude in fashioning rules of evidence and procedure," Bassett v. Smith, 464 F.2d 347, 351 (5th Cir. 1972), cert. denied, 410 U.S. 991, 93 S.Ct. 1509, 36 L.Ed.2d 190 (1973). Or as another court of appeals has said,

> "The question of admissibility of evidence usually is a matter of state law and procedure and does not involve federal constitutional issues. . . . And ordinarily habeas corpus being a collateral attack is not considered to be a proper remedy for correcting errors in trial procedure. . . . It is only where the trial errors or irregu-

---

man is going to testify to." Trial Transcript 95. Moreover, appellant failed to request a continuance prior to the testimony of Mr. Heathcott. Trial Transcript 96–100. See Lisenba v. California, 314 U.S. 219, 228, 62 S.Ct. 280, 86 L.Ed. 166 (1941). Though requiring advance notice of the intended use of evidence of other crimes may be preferable, State v. Spreigl, 272 Minn. 488, 139 N.W.2d 167, 172–173 (1965), at least one circuit has refused to impose such requirement on federal trial courts, much less than on state trial courts. McConkey v. United States, 444 F.2d 788 (8th Cir.), cert. denied, 404 U.S. 885, 92 S.Ct. 223, 30 L.Ed.2d 168 (1971).

**6.** Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (dictum);

Annot., Admissibility, in robbery prosecution, of evidence of other robberies, 42 A.L.R.2d 854 (1955). See, e. g., Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847 (1972); State v. Fuston, 7 Or.App. 436, 490 P.2d 1024 (1971).

**7.** Parker v. Swenson, 332 F.Supp. 1225 (E.D. Mo.1971), aff'd, 459 F.2d 164 (8th Cir. 1972), cert. denied, 409 U.S. 1126, 93 S.Ct. 943, 35 L.Ed.2d 258 (1973). See Moore v. Illinois, 408 U.S. 786, 799, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Judge Galbreath, dissenting in Manning v. State, footnote 1, *supra,* thought that the Heathcott testimony was inadmissible under state law. Compare Warren v. State, 178 Tenn. 157, 156 S.W.2d 416 (1941) with State v. Gross, No. —— (Tenn.Ct.Crim. App. June 21, 1971).

larities infringe upon specific constitutional protection or are so prejudicial as to amount to a denial of due process that a justiciable federal issue is presented in a habeas corpus proceeding." Atwell v. Arkansas, 426 F.2d 912, 915 (8th Cir. 1972) (citations omitted).

Accord, Spencer v. Texas, 385 U.S. 554, 562–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). Moreover, this court should not strike down the Tennessee rule as unconstitutional when this court has allowed similar evidence to be admitted for similar purposes in federal district courts over which it exercises supervisory power. Spencer v. Texas, 385 U.S. 554, 563, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); Bassett v. Smith, 464 F.2d 347, 351–352 (5th Cir. 1972), cert. denied, 410 U.S. 991, 93 S.Ct. 1509, 36 L.Ed.2d 190 (1973), citing Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). In Turner v. United States, 426 F.2d 480 (6th Cir. 1970), cert. denied, 402 U.S. 982, 91 S.Ct. 1646, 29 L.Ed.2d 148 (1971), defendant claimed that the district court erred in admitting evidence of illegal acts occurring subsequent to the charged Dyer Act violation.

> "The evidence of his identifying himself as the brother of Anthony Wallace in registering other Cadillacs is admissible in any event to show the modus operandi, guilty knowledge on the part of Turner and identity." 426 F.2d at 483–484.

Other courts of appeals likewise have admitted such evidence. E. g., United States v. McCray, 140 U.S.App.D.C. 67, 433 F.2d 1173 (1970); United States v. Hoffman, 415 F.2d 14, 18–19 (7th Cir.), cert. denied, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969); United States v. Smith, 343 F.2d 607 (2d Cir. 1965); Fernandez v. United States, 329 F.2d 899, 907–909 (9th Cir.), cert. denied, 379 U.S. 832, 85 S.Ct. 62, 13 L.Ed.2d 40 (1964); Hughes v. United States, 320 F.2d 459, 461–462 (10th Cir. 1963).

Though *Turner* failed to discuss constitutional problems in admitting such evidence, several federal courts, including the Supreme Court, have discussed such problems. In Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941), petitioner claimed that the admission, over objection, of testimony concerning the drowning death of his former wife denied him due process in his trial on charges of drowning a later wife. He claimed that he was given "no opportunity to answer" such "wholly disconnected" evidence. Though, as in the instant case, the "other crime" apparently never resulted in a criminal charge, much less a conviction, the court sustained the admission of such evidence because of

> " . . . the widely recognized principle that similar but disconnected acts may be shown to establish intent, design, and system. The Fourteenth Amendment leaves California free to adopt a rule of relevance which the court below holds was applied here in accordance with the State's law." 314 U.S. at 227–228, 62 S.Ct. at 286.

*Lisenba,* of course, differs from the instant case in that there evidence of an uncharged crime was admitted technically to establish a common plan or scheme rather than to establish identity. Detailed analysis, however, reveals that such evidence cannot be so easily pigeonholed because the evidence held to be admissible in *Lisenba,* even if it established a common plan or scheme of murdering wives for insurance proceeds, also established the identity of the murderer. See Slough, Other Vices, Other Crimes: an Evidentiary Dilemma, 20 Kan.L.Rev. 411, 419 (1972); Note, Developments in Evidence of Other Crimes, 7 Mich.J.L. Ref. 535, 539, 547 (1974). But see McCormick, Evidence 452 (1972).

Moreover, Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 652, 17 L.Ed.2d 606 (1967), recognized, and implicitly sanctioned, the Texas rule permitting the use of prior offenses to establish identity, a rule which "prevail[s] in nearly all common-law jurisdictions." Accord, Foster v. California, 394 U.S. 440, 445, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969) (Black, J., dissenting). Though *Spencer* sustained the admission of prior criminal convictions at a recidivist trial,

it recognized that the state interest in admitting evidence of prior crimes

"... in a one-stage recidivist trial may be thought to represent a less cogent state interest than does [admitting such evidence] for other purposes [such as establishing identity], in that other procedures for applying enhancement-of-sentence statutes may be available to the State that are not suited in the other situations in which such evidence is introduced. We do not think that this distinction should lead to a different constitutional result." 385 U.S. at 563, 87 S.Ct. at 653.

*Spencer*, then, supports, if it fails to compel, a finding that the instant admission was constitutionally proper.

More importantly, perhaps, at least five federal courts of appeals have held that the admission of evidence similar to that of the Heathcott robbery establishes no constitutional violation cognizable on federal habeas corpus. Umbaugh v. Hutto, 486 F.2d 904 (8th Cir. 1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1978 (1974) (evidence that defendant raped another woman to establish his motive and intent); Heads v. Beto, 468 F.2d 240 (5th Cir. 1972) (evidence of two other murders to establish intent or motive); Cassasa v. Nelson, 452 F.2d 1083 (9th Cir. 1971) (evidence of two other fires to establish identity); United States ex rel. Holliday v. Adams, 443 F.2d 7 (2d Cir. 1971), aff'g 325 F.Supp. 444 (D.Conn. 1970) (evidence of second assault on victim to show defendant's consciousness of guilt); Ross v. Maroney, 372 F.2d 53 (3rd Cir. 1967) (evidence of another murder to establish intent, design, or motive).

█ People v. Lisenba, Cal.App., 89 P.2d 39, aff'd on rehearing, 14 Cal.2d 403, 94 P.2d 569 (1939), aff'd, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941), specifically rejected appellant's claim that "constitutional fundamental fairness requires that ... evidence [of the Heathcott robbery] be proved at a jury trial beyond a reasonable doubt."

"[T]he prosecution was [not] required, as urged by the defendant, to prove the elements of the asserted Colorado crime beyond all reasonable doubt, as would be the case were the defendant standing trial for such asserted earlier offense. ... [T]he court below correctly admitted the evidence touching the prior incident in order that the jury in its weighing of the entire evidence might determine whether it tended to show a common plan or scheme on the defendant's part or tended to overcome the asserted element of accident involved in the death of the subsequent wife ...." 89 P.2d at 52–53.

No American jurisdiction requires that evidence of the other crime be in the form of a prior conviction proved beyond a reasonable doubt. McCormick, Evidence 451–452 (1972). But see United States v. Haynes, 81 F.Supp. 63, 68–69 (W.D.Pa.1948). See generally Comment, Evidence—Prior Crimes Used to Show Specific Intent and Identity, 50 Marq.L. Rev. 133, 141 (1966). Many jurisdictions even allow evidence of other crimes for limited purposes where defendant has been acquitted, for technical reasons, of those crimes. Note, Other Crimes Evidence at Trial: of Balancing and Other Matters, 70 Yale L.J. 763, 770 (1961). But see 1 Jones, Evidence 414 (1972). The state, of course, must demonstrate defendant's connection to such other offenses. Comment, Evidence—Prior Crimes Used to Show Specific Intent and Identity, 50 Marq.L.Rev. 133, 139 (1966).

█ A state cannot, by some evidential rule, permit evidence of all prior crimes "ha[ving] some bearing, however tenuous," on proving plan or scheme, motive, knowledge, intent, absence of mistake or accident, or identity. Umbaugh v. Hutto, 486 F.2d 904, 907 (8th Cir. 1973), cert. denied, 416 U.S. 960, 94 S.Ct. 1978, 40 L.Ed.2d 311 (1974). To be consistent with due process, the other crime must be "rationally connected" with the charged crime.[8] See Comment,

---

8. Appellant has failed to urge that the Heathcott robbery was insufficiently "connected"

with the Sheehan robbery. The geographic (four to five blocks) and temporal (three

Evidence—Prior Crimes Used to Show Specific Intent and Identity, 50 Marq.L. Rev. 133, 136 (1966).

■ Moreover, in rejecting appellant's due process claim, we note that appellant, by testifying to his alibi, placed the identity of the Sheehan robber in issue. Where there is no question concerning the identity of the robber, as for example where mental incapacity is a defense, evidence of other crimes tending to identify that robber may well be unconstitutional "overkill" because the prejudice in such evidence outweighs the probative need for such evidence. But see United States ex rel. Gueldner v. Heyd, 434 F.2d 1307 (5th Cir. 1970).

■ As for appellant's claim that the trial judge's failure to give an unrequested alibi instruction was constitutional error, we find no error cognizable on federal habeas corpus. Cf. United States v. Megna, 450 F.2d 511 (5th Cir. 1971).

Because we have found no constitutional error, it is unnecessary to consider the state's claim that any such error in appellant's trial was harmless beyond a reasonable doubt.

Affirmed.

days) proximity of the two robberies, as well as nearly identical language ("I'll blow a hole in [or through] you"), sufficiently connects, for due process purposes, the two robberies.