**Melvin B. LAGASSE, Jr., Petitioner, Appellant,**

v.

**Paul K. VESTAL, Jr., et al., Respondents, Appellees.**

No. 81–1587.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1982.

Decided March 1, 1982.

Certiorari Denied June 14, 1982. See 102 S.Ct. 2939.

Charles E. Chase, Medford, Mass., by appointment of the Court, for appellant.

Linda Sibery Crawford, Asst. Atty. Gen., Augusta, Me., with whom Charles K. Lead-

---

better, Asst. Atty. Gen., Crim. Div., Appellate Section, Augusta, Me., on brief, for appellees.

Before COFFIN, Chief Judge, TIMBERS, Senior Circuit Judge,* BREYER, Circuit Judge.

COFFIN, Chief Judge.

Appellant was convicted of murder after a jury trial in Superior Court, Androscoggin County, Maine. On appeal to the Supreme Judicial Court of Maine, he argued unsuccessfully that the trial court's exclusion of testimony of the decedent's violent conduct toward his wife while under the influence of alcohol seriously undermined his theory of self-defense, and thereby violated his constitutional right to a fair trial. *State v. Lagasse,* 410 A.2d 537, 542 (Me.1980). Appellant then filed a petition for a writ of habeas corpus in federal district court. The district judge summarily rejected appellant's constitutional contention and subsequently denied his request for a certificate of probable cause, finding that "the appeal is not taken in good faith." This court granted the certificate, but we now affirm the district court's order dismissing the habeas petition.

■ The sole ground asserted by appellant in support of his petition is that the trial court's exclusion, under Maine R.Evid. 404(a), of evidence of the victim's conduct as proof of his propensity for violence denied him a fair trial. The question of admissibility of evidence is usually one of state law and procedure which does not implicate federal constitutional issues. Moreover, it is well established that habeas relief is available only to correct constitutional wrongs, not mere evidentiary errors. Where, as here, a trial court ruling does not impinge upon any specific constitutional right, it will only provide the basis for issuing a writ of habeas corpus if it is so prejudicial that it renders a fair trial impossible. *See generally Spencer v. Texas,* 385 U.S. 554, 562–65, 87 S.Ct. 648, 652–54, 17 L.Ed.2d 606 (1967); *Lisenba v. California,*

314 U.S. 219, 228–29, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941); *Salemme v. Ristaino,* 587 F.2d 81, 85–86 (1st Cir. 1978); *Manning v. Rose,* 507 F.2d 889, 892–93 (6th Cir. 1974).

■ At trial, appellant sought to prove that he acted in self-defense, in response to the victim's aggression and the victim's alleged attempt to knife appellant. Under Maine law, the issue for the jury was whether appellant reasonably believed it was necessary to use deadly force. Although evidence of the victim's violent character would have been admissible under federal law, *see* Fed.R.Evid. 404(a)(2), the drafters of Maine R.Evid. 404 chose to exclude this exception to the general rule against the admissibility of character evidence because such evidence "has slight probative value and is likely to be highly prejudicial, so as to divert attention from what actually occurred." Maine R.Evid. 404, Advisers' Note; *see* R. Field & P. Murray, Maine Evidence 67–68 (1976).

■ Here, where appellant did not know of the decedent's violent character, it is difficult to see how the proffered testimony was relevant in assessing whether appellant feared that he was about to be knifed or whether he reasonably believed that it was necessary to use deadly force. Indeed, had appellant *known* of the victim's violent character, the testimony would have been admissible "for the purpose of showing his reasonable apprehension of immediate danger." Maine R.Evid. 404, Advisers' Note. We therefore conclude that in this case, where appellant was unaware of the victim's violent character, the exclusion of the proffered testimony was a rational means of barring marginally relevant but highly prejudicial evidence. Appellant's right to a fair trial was not violated.

*Affirmed.*

---

* Of the Second Circuit, sitting by designation.