848 F.2d 191
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth JOHNSON, Petitioner-Appellant,
v.
Terry L. MORRIS, Respondent-Appellee.
 No. 87-3965.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner claimed that 1) his conviction for felonious assault was obtained in violation of due process by the trial court's failure to instruct the jury on the lesser included offense of aggravated assault and the mitigating circumstance of serious provocation by the victim; 2) his enhanced sentences were imposed in violation of due process by the trial court's failure to conduct an enhancement of penalty hearing to determine the constitutionality of his prior conviction; 3) his convictions and sentences for violating Ohio Rev.Code Sec. 2923.14 and Ohio Rev.Code Sec. 2923.12 violated due process and the protection against double jeopardy; 4) he was denied effective assistance of counsel, and 5) he was denied due process in that his conviction for carrying a concealed weapon was not supported by substantial evidence. The district court did not find any of these claims to be meritorious, and the petitioner has appealed three of the rulings.
 
 
 3
 Upon review, we affirm the district court's judgment. Petitioner's claim that the trial court deprived him of his right to due process by failing sua sponte to instruct the jury on the offense of aggravated assault as a lesser included offense to felonious assault must fail. Petitioner has not shown that the instructions which were given were so infirm that they rendered the entire trial fundamentally unfair. See Henderson v. Kibbe, 431 U.S. 145, 154 (1977). A trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas proceeding. Manning v. Rose, 507 F.2d 889, 895 (6th Cir.1974).
 
 
 4
 Likewise, petitioner's claim that his due process rights were violated by the trial court's failure to conduct an enhancement of penalty hearing prior to sentencing is without merit. The state's failure to hold the hearing did not violate the Due Process Clause since petitioner's counsel at trial had stipulated that his prior conviction, on the basis of which his penalty was enhanced, was valid. Moreover, the petitioner has failed to demonstrate that his prior conviction was invalid; he has thus failed to show that he suffered any prejudice from the court's action.
 
 
 5
 Finally, petitioner failed to establish that he received ineffective assistance of counsel. The ineffective counsel claim is premised, among other things, on counsel's failure to request a jury instruction on the lesser included offense of aggravated assault. As has been pointed out by the government, counsel's failure to request the instruction could have been part of a deliberate trial strategy. The petitioner's defense was based on his contention that the gun accidentally discharged during a struggle and that the petitioner lacked criminal intent. To have argued that the petitioner was only guilty of aggravated assault because his actions were committed in the heat of passion would have compromised the strategy to have the petitioner absolved of any guilt whatsoever. A defendant's disagreement with trial tactics and/or strategy does not support a claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 689 (1984).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.