19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Robert MILLER, Petitioner-Appellant,
v.
William F. GRANT, Warden, Respondent-Appellee.
 No. 93-2081.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: JONES, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Michael Robert Miller moves for in forma pauperis status and appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Miller in 1985 of second degree murder. He was sentenced to 12-20 years in prison. The Michigan Court Appeals affirmed Miller's conviction on November 5, 1987. The Michigan Supreme Court remanded the case to the Court of Appeals for reconsideration in light of certain recent decisions. On remand, the Michigan Court of Appeals issued a memorandum opinion on September 12, 1991, affirming Miller's conviction and sentence. The Michigan Supreme Court denied further review on April 21, 1991.
 
 
 3
 In his habeas petition, Miller raises four grounds for relief: (1) that he had been denied due process of law when the prosecutor was allowed to cross-examine him about his post arrest failure to request medical treatment for, or tell police, about his throat (prosecutorial misconduct claim); (2) that the trial court committed reversible error by refusing to instruct the jury regarding the "communicated withdrawal" doctrine, as requested by defense counsel; (3) that the trial court erred by failing to instruct the jury on the relationship between the lesser included offense of manslaughter and defendant's defense of self-defense; and (4) that he was denied a fair and impartial trial by the combination of the above errors.
 
 
 4
 A magistrate judge issued a report recommending that the petition be denied. Upon de novo review of the magistrate judge's report and recommendation in light of Miller's objections, the district court adopted the report and recommendation in an order dated July 15, 1993.
 
 
 5
 Upon review, we affirm the district court's order because Miller has failed to establish cause and prejudice to excuse his procedural default in the Michigan state courts with respect to claim one, see Teague v. Lane, 489 U.S. 288, 298-99 (1989), and has further failed to demonstrate that he has been denied the rudimentary demands of fair procedure with respect to the remaining claims. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 The last state court to address Miller's prosecutorial misconduct claim clearly and expressly held that it was barred because no contemporaneous objection was made at trial. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593-95 (1991); Couch v. Jabe, 951 F.2d 94, 96-97 (6th Cir.1991). This claim may therefore not be raised in federal habeas corpus absent a demonstration of cause for the default and actual prejudice resulting therefrom. Harris v. Reed, 489 U.S. 255, 262-63 (1989). The cause and prejudice requirement may, however, be excused where a habeas petitioner presents an extraordinary case where a constitutional violation has resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 7
 Miller has not offered any explanation for his procedural default on his prosecutorial misconduct claim. Consequently, he has not satisfied the cause and prejudice test as to this claim, nor has he made a colorable showing of innocence to excuse the cause and prejudice requirement.
 
 
 8
 Miller's second claim is that the trial court committed reversible error by refusing to instruct the jury regarding the "communicated withdrawal" doctrine. In order for habeas corpus relief to be warranted on the basis of erroneous jury instructions, a petitioner must show more than that the jury instructions were undesirable, erroneous, or even universally condemned; he must show that the instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Thomas v. Arn, 704 F.2d 865, 868-69 (6th Cir.1983).
 
 
 9
 In Michigan, the communicated withdrawal defense is not available when a defendant is the aggressor unless he withdraws from any further encounter with the victim and communicates such withdrawal to the victim. People v. Kerley, 289 N.W.2d 883, 887-88 (Mich.Ct.App.1980), leave to appeal denied, 312 N.W.2d 380 (Mich.1981); People v. Peoples, 255 N.W.2d 707, 709-11 (Mich.Ct.App.1977). In this case, it is clear that Miller was not entitled to prevail on a "perfect" self-defense theory because he initiated and pursued the confrontation with the victim as the fact findings of the Michigan Court of Appeals clearly show. These findings are presumed correct, and no convincing evidence to the contrary exists. See Sumner v. Mata, 455 U.S. 591 (1982) (per curiam). Thus the trial court's failure to instruct the jury on the communicated withdrawal defense did not deprive Miller of a fundamentally fair trial, and Miller's claim to the contrary must fail.
 
 
 10
 Miller's third claim is that the trial court erred in failing to sua sponte instruct the jury on the relationship between the lesser included offense of manslaughter and Miller's defense of self-defense. Miller's trial counsel made no request for such a jury instruction. A trial judge's failure to give an unrequested instruction is not an error cognizable in a federal habeas proceeding. Manning v. Rose, 507 F.2d 889, 895 (6th Cir.1974). Therefore, Miller's third claim lacks merit.
 
 
 11
 Finally, because Miller failed to demonstrate that he has been denied the rudimentary demands of fair procedure with respect to the first three claims, it necessarily follows that he has failed to demonstrate that the alleged errors cumulatively produced a trial that was fundamentally unfair. See Walker v. Engle, 703 F.2d 959, 962-63 (6th Cir.), cert. denied, 464 U.S. 962 (1983).
 
 
 12
 For the foregoing reasons, the motion for in forma pauperis status is granted, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.