■ WILLIAM J. POWELL, Appellant, v. SAMUEL BESKIN et al., Respondents. — In a negligence action to recover damages for injury to person and property, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 25, 1962, after trial, upon a jury's verdict in favor of defendants. Judgment affirmed, without costs. No opinion. (For prior appeal in this action, see 13 A D 2d 683.) Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ALLEN, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the former County Court, Kings County, dated April 10, 1962, which denied, without a hearing, his application to vacate a judgment of said court, rendered March 12, 1957 after a jury trial, convicting him of first degree robbery, second degree assault, and second degree grand larceny, and sentencing him to serve a term of 10 to 20 years, plus 5 to 10 years for being armed. The additional punishment was struck out on appeal (5 A D 2d 696). Order affirmed. At defendant's first trial in October, 1956, a jury was impaneled and sworn and opening statements were made. However, a mistrial was declared before any evidence was given or any witness sworn. The question of former jeopardy was not raised at defendant's second trial in January, 1957. The present application for coram nobis is made on the ground that the 1957 conviction is void because of double jeopardy. It is not necessary here to determine whether a prisoner is placed in jeopardy when a jury has been examined and sworn, and evidence given (People ex rel. Meyer v. Warden, 269 N. Y. 426; Matter of Nolan v. Court of Gen. Sessions, 15 A D 2d 78, 82; King v. People, 5 Hun 297, 299) ; or whether he is placed in jeopardy as soon as the jury has been impaneled and sworn (People ex rel. Rosebrough v. Casey, 251 App. Div. 867; People ex rel. Bullock v. Hayes, 166 App. Div. 507, 510, affd. 215 N. Y. 172; 1 Cooley, Constitutional Limitations [8th ed.], pp. 686–687). Regardless of which rule may be correct, the defendant here waived his right to argue double jeopardy when he failed to raise the question at his second trial (People v. Cignarale, 110 N. Y. 23, 29; People v. McGrath, 202 N. Y. 445; People ex rel. Hetenyi v. Johnston, 10 A D 2d 121). In any event, the question of double jeopardy was a matter of record, and matters of record cannot be a basis for relief by way of coram nobis (People v. Sadness, 300 N. Y. 69; People v. Kendricks, 300 N. Y. 544). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID CENCE, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the former County Court, Richmond County, dated June 14, 1962, which denied without a hearing, his application to vacate a judgment of said court rendered June 30, 1960 on his plea of guilty, convicting him of attempted robbery in the first degree, and imposing sentence. Order affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE GREEN, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered June 1, 1961 after a nonjury trial, convicting him of criminally receiving and concealing stolen property as a felony (two counts) and imposing sentence. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.