■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT WILLIAMS, JR., Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven State Prison, Respondent.— Appeal by relator from a judgment of the Supreme Court, Dutchess County, dated January 5, 1968, which dismissed the writ of habeas corpus herein. Judgment affirmed, without costs. Appellant was indicted for the crime of murder in the first degree. He was found guilty of murder in the second degree and sentenced to 20 years to life. Thereafter the trial court set aside the conviction, on appellant's motion, after it was discovered that a juror had been guilty of misconduct. Appellant was subsequently rearraigned on the original charge of murder in the first degree. After the jury was impaneled he voluntarily pleaded guilty to murder in the second degree and was sentenced on October 20, 1955 to 20 years to life. On this appeal appellant contends that he was subjected to double jeopardy under the rule of *United States ex rel. Hetenyi* v. *Wilkins* (348 F. 2d 844, cert. den. 383 U. S. 913) and *People* v. *Ressler* (17 N Y 2d 174). We are of the opinion that appellant waived his right to raise the defense of double jeopardy by first raising it in this habeas corpus proceeding about 12 years after his conviction (*People* v. *Cignarale*, 110 N. Y. 23; *People* v. *McGrath*, 202 N. Y. 445; *People* v. *Allen*, 18 A D 2d 840; *United States* v. *Hoyland*, 264 F. 2d 346, 351; *Haddad* v. *United States*, 349 F. 2d 511, 514). We agree with the language of the court in *United States* v. *Hoyland* (*supra*, p. 351), where it was held that: "' The right to not be placed in jeopardy twice for the same offense is a personal right. It is an immunity granted to the citizen by our constitution, and may be waived. The plea of guilty by the defendant constituted a waiver of this right. At no stage of the proceedings did he assert this constitutional guarantee. The defense may not now be raised for the first time by writ of habeas corpus.'" Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.