PEOPLE v. WALKER

1. Kidnapping—Assault with Intent to Kidnap—Venue.

Claim that record does not show that a kidnapping and an assault with intent to kidnap occurred in the City of Detroit is without merit where during the dialogue between the judge and the defendant at the time of the plea examination defendant admitted that he entered the victim's automobile and forced her to drive off with him in Detroit.

2. Criminal Law—Intoxication.

Defendant's apparent recollection and recital on the record of his criminal acts distinguishes his case from a case where a defendant claimed that he was so deeply intoxicated at the time the crime was alleged to have been committed that he did not recall participating.

3. Criminal Law—Plea of Guilty—Waiver—Double Jeopardy.

By entering negotiated pleas of guilty to the offenses of assault with intent to commit rape and assault with intent to kidnap, defendant waived any double jeopardy defense and any defense based on the contention that the crime of kidnapping was not committed when he abducted the victim for the purpose of robbing and raping her.

Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 November 12, 1970, at Detroit. (Docket No. 8899.) Decided December 9, 1970.

References for Points in Headnotes

[1] 1 Am Jur 2d, Abduction and Kidnapping § 24.
[2] 21 Am Jur 2d, Criminal Law § 107.
[3] 21 Am Jur 2d, Criminal Law §§ 476, 495.

James Ray Walker was convicted, on his plea of guilty, of assault with intent to kidnap. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Alan A. May,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,* JJ.

PER CURIAM.     An information was filed in the Wayne circuit court on May 28, 1969, which charged that on March 31, 1969, the defendant James Ray Walker raped (MCLA § 750.520 [Stat Ann 1954 Rev § 28.788]) and robbed (MCLA § 750.529 [Stat Ann 1970 Cum Supp § 28.797]) a woman. On September 10, 1969, Walker pled guilty to the offense of assault with intent to commit rape (MCLA § 750.85 [Stat Ann 1962 Rev § 28.280]), and on October 1, 1969 he was sentenced to serve a term of five to ten years. That conviction was affirmed by our Court, *People v. Walker* (1970), 24 Mich App 368; leave to appeal was denied by the Michigan Supreme Court (1970), 383 Mich 813.

Before he pled guilty and on April 21, 1969, an information was filed in the Recorder's Court for the City of Detroit charging that Walker kidnapped the woman (MCLA § 750.349 [Stat Ann 1954 Rev § 28.581]). On that charge he pled guilty to assault with intent to kidnap (MCLA § 750.87 [Stat Ann 1962 Rev § 28.282]), was sentenced to serve a term

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of 9-1/2 to 10 years and now appeals that conviction.

The five charges (kidnapping, assault with intent to kidnap, robbery, rape and assault with intent to commit rape) grow out of a continuum of events; it is alleged that the kidnapping and assault with intent to kidnap occurred in Detroit and that the other offenses were committed shortly thereafter in Romulus.

Before accepting Walker's plea of guilty to the offense of assault with intent to kidnap, the judge established by direct questioning of the defendant that he committed the originally charged offense of kidnapping, *People* v. *Barrows* (1959), 358 Mich 267. Walker admitted that he entered the victim's automobile and forced her at gunpoint to drive him to a place a considerable distance from the place where he entered the automobile.

There is no merit in the claim that the record does not show that the kidnapping and assault with intent to kidnap occurred in Detroit; during the duologue between the judge and Walker, Walker admitted that he entered the automobile and forced the victim to drive off with him in Detroit.

Walker's apparent recollection and recital on the record of his criminal acts distinguishes this case from *People* v. *Stoner* (1970), 23 Mich App 598, where the defendant claimed that he was so deeply intoxicated at the time the crime was alleged to have been committed that he did not recall participating.

These were negotiated pleas of guilty. The kidnapping charge was pending in Recorder's Court when the defendant pled guilty in circuit court to assault with intent to commit rape. Later, in this case, as to the information charging kidnapping, he entered his plea of guilty to the offense of assault with intent to kidnap. Under the circum-

stances that the pleas were negotiated, and it is not claimed that the prosecutor made any commitment as to whether the defendant's plea of guilty in the Wayne circuit court in the robbery and rape case would bar prosecution of the kidnapping charge, we are persuaded that Walker waived any double jeopardy defense when he entered his pleas of guilty. We are also convinced that in agreeing to plead guilty to the reduced charges, and being allowed to do so, he waived any defense based on the contention that the crime of kidnapping was not committed when he abducted the victim for the purpose of robbing and raping her. Compare *People v. Sylvester Johnson* (1970), 25 Mich App 258.

Affirmed.