■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN F. SOULES, Appellant.— Appeal from a judgment of the County Court of Fulton County, rendered December 7, 1970, convicting defendant on his plea of guilty to assault in the second degree. On November 21, 1970 defendant entered a plea of guilty to a reduced charge of assault second degree. He was sentenced to an indeterminate term at Clinton Correctional Facility, the maximum thereof not to exceed two years, with credit for time served in the county jail. Since the Clinton Correctional Facility regulations required a term not to exceed three years

defendant was returned for resentencing. On December 7, 1970 the court vacated the sentence and the plea of guilty. Defendant again pleaded guilty to assault second degree and was sentenced to an indeterminate term not to exceed three years at Clinton Correctional Facility, with no credit for time served in the county jail. Defendant contends that the plea of November 21, 1970 was the same as a conviction after trial; consequently, when the court vacated that plea defendant could not again be tried for the same offense; and this constituted double jeopardy. He also argues that the court erred in not allowing credit for time served. The controlling issue presented on this appeal is whether the defendant waived the defense of double jeopardy. We believe he did. He was at all times represented by assigned counsel. At the time of arraignment and sentence he did not raise the issue of double jeopardy nor make a protest. He voluntarily entered a plea of guilty. It is an established principle of law that a defendant who pleads guilty to the offense waives his right to assert the defense of double jeopardy. (*People ex rel. Williams* v. *Follette*, 30 A D 2d 693, affd. 24 N Y 2d 949.) Defendant, however, should be given credit for time spent in custody prior to the date of the second plea and sentence. (Penal Law, § 70.30, subd. 3.) Judgment modified, on the law and the facts, so as to allow defendant credit for jail time served, and, as so modified, affirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.