■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE J. LYNCH, Appellant.— Appeal by defendant from three judgments of the Supreme Court, Queens County, all rendered January 22, 1971 on resentence, (1) one *nunc pro tunc* as of February 5, 1947, upon a conviction of robbery in the third degree, (2) another *nunc pro tunc* as of August 27, 1952, upon a conviction of robbery in the third degree, and (3) the third *nunc pro tunc* as of December 13, 1962, upon a conviction of robbery in the second degree. Judgments affirmed. With reference to the 1947 conviction, a jury had returned a verdict of guilty against appellant upon a charge of robbery in the first degree. It appeared that a sentence as a second offender would be required and, according to the sentencing court's own words, that it would be a "maladministration of justice to pronounce the extreme sentence I would have to pronounce." This situation had been anticipated by the court and counsel and, pursuant to a prior arrangement, counsel moved to set aside the jury's verdict on condition that appellant plead guilty to robbery in the third degree. The court granted the motion and imposed the sentence, in 1947. Appellant now

claims that this procedure violated both constitutional and statutory provisions against double jeopardy. As to the 1952 conviction, appellant, in a supplemental brief, contends that the court at plea-taking failed to make an adequate record (*Boykin* v. *Alabama*, 395 U. S. 238). And as to the 1962 conviction, he claims that failure to give the warning, then required at arraignment upon an indictment, of the possibility of increased punishment renders that conviction void (Code Crim. Pro., § 335-b [renumbered 335-c]). In our opinion, appellant waived any possible issue of double jeopardy as to the 1947 conviction by failing to raise the issue prior to entry of his guilty plea and by failing to subsequently raise the issue in a timely fashion (*People* v. *McGrath*, 202 N. Y. 445; *People* ex rel. *Hetenyi* v. *Johnston*, 10 A D 2d 121, 124–125, app. dsmd. 8 N Y 2d 913; *People* ex rel. *Williams* v. *Follette*, 30 A D 2d 693, affd. 24 N Y 2d 949). Nor do we find any infirmity with respect to the plea involved in the 1952 conviction (*People* v. *Nixon*, 21 N Y 2d 338). As to the 1962 conviction, it is our view that the failure to give the warning at the arraignment, at which a plea of not guilty was entered, was not prejudicial to appellant, because the error was cured prior to the acceptance of appellant's subsequent plea of guilty (*People* ex rel. *Gallagher* v. *Follette*, 22 N Y 2d 239, 244). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.