Fate THOMAS, Sheriff, Nashville Metropolitan Jail, Appellant,

v.

Mark Jerome BEASLEY, Appellee.

No. 73–1628.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1973.

Decided Feb. 5, 1974.

**508**

W. Henry Haile, Asst. Atty. Gen., of
Tennessee, Nashville, Tenn., on brief,
for appellant; David M. Pack, Atty.
Gen., of Tennessee, of counsel.

Harold D. Hardin (Court-appointed)
Nashville, Tenn., on brief, for appellee.

Before PHILLIPS, Chief Judge, and
WEICK and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

District Judge L. Clure Morton grant-
ed Mark Jerome Beasley's application
for a writ of habeas corpus. The deci-
sion of the District Court was based
upon a finding that Beasley already had
been put in jeopardy for the offense for
which he was being held in custody
awaiting trial, in violation of the Fifth
Amendment to the Constitution of the
United States. The Fifth Amendment
is applicable to the states through the
Fourteenth Amendment. Benton v.
Maryland, 395 U.S. 784, 793, 89 S.Ct.
2056, 23 L.Ed.2d 707 (1969).

The State of Tennessee appeals. We
affirm.

Beasley was arrested and jailed in No-
vember 1971. Along with three others
he was indicted for armed robbery in
January 1972 and trial was set for June
1972. Beasley was represented by an at-
torney in the office of the Public De-
fender of Davidson County, Tennessee.
On the day of the trial the Public De-
fender announced that he had a serious
conflict of interest and could not repre-
sent both Beasley and one of his co-de-
fendants. Thereupon an attorney in pri-
vate practice was appointed by the State
trial court to represent Beasley. The
case was continued again on September
18, 1972, because the chief prosecution
witness was observing a religious holi-
day. At that time Beasley's motion to
dismiss for lack of a speedy trial was
denied.

The case came to trial on September
19, 1972. A jury was impaneled and
sworn and testimony commenced. The
State's first witness, the prosecutrix,
had completed a substantial portion of

her testimony before the court recessed
for lunch. During the lunch recess, the
State trial judge learned that counsel
for two of the other defendants (but not
including Beasley) had served previously
as special night judge of the Court of
General Sessions of the Metropolitan
Government of Nashville and Davidson
County, and in that capacity had signed
the arrest warrants for the defendants.
Due to this discovery, the trial judge
stated that his only alternative was to
declare a mistrial and requested defense
counsel to consent thereto. Three de-
fendants agreed to a mistrial, but Beas-
ley objected.

Instead of proceeding with the trial of
Beasley before the jury which already
had heard a substantial part of the testi-
mony of the prosecutrix, the State trial
judge declared a mistrial as to Beasley
over his objection, denied Beasley's mo-
tion for a severance, and reset the case
for trial at a later date. When the case
was called again for trial, Beasley en-
tered a plea of double jeopardy and re-
newed his motion to dismiss for lack of
a speedy trial. The State trial judge
overruled both the plea of double jeop-
ardy and the motion to dismiss for lack
of a speedy trial. Thereafter, he also
dismissed Beasley's petition for rehear-
ing.

Thereupon Beasley filed a petition for
certiorari and supersedeas in the Ten-
nessee Court of Criminal Appeals, rais-
ing his defense of double jeopardy. The
Court of Criminal Appeals dismissed the
petition and the Supreme Court of Ten-
nessee denied certiorari in unpublished
decisions.

At the time the writ of habeas corpus
was granted by the District Court on
February 9, 1973, Beasley had been con-
fined in jail continuously since Novem-
ber, 1971.

■ We agree with the District
Court that jeopardy attached at the first
trial and that Beasley's plea of double
jeopardy is a conclusive bar to retrial.
United States v. Jorn, 400 U.S. 470, 479,
91 S.Ct. 547, 27 L.Ed.2d 543 (1971);

Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

The prohibition of the Double Jeopardy Clause "is not against being twice punished, but against being twice put in jeopardy . . . ." United States v. Ball, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896).

We are unwilling to hold that Beasley must be returned to jail and be confined there pending a second trial, which clearly would be barred by his double jeopardy plea. As District Judge Morton said, "Under the state process petitioner must remain confined in the Nashville Metropolitan Jail until he is subjected to a second trial. If petitioner's claim is a valid one, each day he remains in jail adds to the deprivation of his rights guaranteed by the double jeopardy clause."

The State contends that the writ was granted prematurely because Beasley has not exhausted his State remedies. It is argued that he should be subjected to a second trial, where his plea of double jeopardy again would be entered; and that if Beasley should be convicted at the second trial, the appellate courts of Tennessee ought to be afforded an opportunity to pass upon the plea on its merits.[1]

The exhaustion of remedies contention is answered conclusively by the recent decision of this court in Rivers v. Lucas, 477 F.2d 199 (6th Cir. 1973).[2] Rivers was indicted for murder in the first degree. He plead guilty to manslaughter. A few months after sentencing, his conviction was reversed and remanded for further proceedings. Rivers moved to have the original indictment quashed or at least reduced to manslaughter. This motion was denied by the State trial court. Rivers appealed this denial all the way through Michigan's appellate process without getting a decision on the merits.

In *Rivers* this court affirmed the grant of a conditional writ of habeas corpus saying:

"The only thing left for him to do in the state courts is to submit to trial on the murder charge. Since exposure to the risk of conviction is the very thing he is seeking to avoid, this step [submitting to trial] is not necessary for a complete exhaustion of state remedies where freedom from double jeopardy is the right sought to be preserved." 477 F.2d at 202–203.

■ It is to be reemphasized that, in the case at bar, the first trial ended in a mistrial. Before the second trial commenced, Beasley moved to dismiss the indictment on double jeopardy grounds. As in *Rivers,* the entire appellate process in the State courts was exhausted without obtaining a decision on the merits. In the present case, as in *Rivers,* Beasley has done everything available within the State court system that it is possible for him to do to avoid retrial.

The Double Jeopardy Clause of the Fifth Amendment prohibits a defendant from being subjected to two trials for the same offense unless "manifest necessity" or the "ends of justice" require the declaration of a mistrial. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). "Manifest necessity" and the "ends of justice" do not require a second trial in the present case. The first trial of Beasley could have been completed before the jury which already had heard a substantial part of

---

1. The dismissal of Beasley's petition for certiorari and supersedeas by the Tennessee Court of Criminal Appeals was on procedural grounds. That court said, "[t]his is an interlocutory order from the Davidson County Criminal Court, and the defendant has not yet been to trial."

2. On October 15, 1973, the Supreme Court vacated our judgment in Lucas v. Rivers, 414 U.S. 896, 94 S.Ct. 232, 38 L.Ed.2d 139 and remanded the case to this court for consideration of the question of mootness in light of People v. McMiller, 389 Mich. 425, 208 N.W.2d 451 (1973). Although a panel of this court subsequently dismissed *Rivers* as moot, the principle enunciated in *Rivers* with respect to exhaustion of remedies still stands as the law of this circuit.

the testimony of the prosecutrix, in spite of the fact that a mistrial was declared as to other defendants. A severance at that time would have been the appropriate remedy. Since it is manifest under the authorities hereinabove cited that jeopardy already had attached as to Beasley, the Double Jeopardy Clause precludes the State of Tennessee from subjecting him to a second trial.

Affirmed.