Maurice DONALDSON and Clarence Richard Vaughn, Petitioners,

v.

James H. ROSE, Warden, Tennessee, State Penitentiary, Respondent.

Court of Criminal Appeals of Tennessee.

Feb. 27, 1975.

Certiorari Denied by Supreme Court, July 21, 1975.

Robert L. Ballow, Nashville, for Donaldson.

Wm. J. Faimon, Nashville, for Vaughn.

R. A. Ashley, Jr., Atty. Gen., Wm. J. Haynes, Jr., Asst. Atty. Gen., Aaron Wyckoff, Asst. Dist. Atty. Gen., Harold B. McDonough, Jr., Asst. Dist. Atty. Gen., Nashville, for respondent.

O'BRIEN, Judge.

## OPINION

These defendants have filed similar petitions for writ of habeas corpus in the trial court requesting their release from confinement in the penitentiary on the grounds that their pleas of guilty to armed robbery under a joint indictment were involuntary for the reason that the indictment had been previously disposed of by *nolle prosequi* with the consent of the trial court.

It appears that on September 19, 1972, petitioners came to trial with several co-defendants on a charge of armed robbery. After the jury was impaneled and testimony commenced, it came to the trial court's attention that two of the attorneys appointed to represent co-defendants in the case had, while serving as special judges, issued arrest warrants for some of the defendants. Mr. John Kyle, a member of the public defender's staff representing James Robert Morehead, had, as special judge, issued the arrest warrant for the same defendant he had been assigned to represent. Mr. Mose Davie, appointed to represent Maurice Donaldson, had issued the arrest warrants for Mark J. Beasley, and William Gentry Davis. All of these warrants were issued for the defendants in the case on trial. In the course of issuing the warrants, Mr. Davie had interviewed the prosecutrix in this case. In the interest of fairness and justice, to avoid jeopardizing any of the defendants by proceeding further, and to eliminate any question of doubt as to competent and proper representation of the defendants by counsel of record, the trial court suggested that a mistrial should be granted under the authority of *Malouf v. State,* 199 Tenn. 496, 287 S.W.2d 79. The trial judge polled counsel for the various defendants to determine if there was an objection to the court declaring a mistrial. He was advised by retained counsel for defendant Vaughn that there was no objection, and by appointed counsel for defendant Donaldson that the defendant did not disagree, and felt that a mistrial would be proper. Through counsel, one of the other defendants objected to a mistrial. The court declined to grant a severance and this defendant successfully contested a retrial upon his armed robbery indictment in the federal courts. See *Thomas v. Beasley,* 491 F.2d 507 (6th Cir. 1974) *cert. denied* 417 U.S. 955, 94 S.Ct. 3083, 41 L.Ed.2d 674 (1974). We do not find the facts of that case warrant relief to these petitioners.

Subsequently, on March 22, 1973, each of the petitioners here entered pleas of guilty to the original indictment against them, and as a result of the guilty pleas each was sentenced to fifteen years in the State Penitentiary.

Hearings were granted on the petitions for *habeas corpus* in the trial court. Based on the petitions, the answers filed on behalf of the state, argument of counsel, and a review of the record in the matter, the court expressed the opinion that (1) the State had not asked for a *nolle prosequi* in the original case; (2) petitioners had consented to a mistrial; (3) petitioners knowingly and intelligently entered guilty pleas; (4) petitioner Donaldson was represented by competent, qualified, appointed counsel, and petitioner Vaughn was represented by privately retained counsel; (5) the petitions conclusively showed petitioners were not entitled to relief. The petitions were dismissed without the introduction of further evidence.

On this appeal it is assigned for error that the petitions for writ of *habeas corpus* should not have been dismissed without an evidentiary hearing on the grounds that (a) there had been a consent to the mistrial, and (b) that petitioners had knowingly and intelligently entered guilty pleas.

Petitioners do not dispute the rationale of the ruling cases in this state on the doctrine of former jeopardy, to the effect that the occurrence of certain conditions may justify discharge of the jury in bar of a plea of double jeopardy. *Etter v. State,* 185 Tenn. 218, 205 S.W.2d 1 (1947); *State v. Malouf,* 199 Tenn. 496, 287 S.W.2d 79 (1956), and *Jones v. State,* 218 Tenn. 378, 403 S.W.2d 750 (1966). They say, however, the more recent United States Supreme Court decisions have overridden the authority of these cases as they apply to the mandate of the United States Constitution. *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971), is cited as authority for this theory. We think reliance on the *Jorn* case is misplaced. While dealing wholly with federal criminal proceedings this case clearly enunciates the principles which have been followed in our Tennessee cases. In discussing some of the circumstances in which retrial is precluded when the initial proceedings are aborted prior to a verdict without the defendant's consent, the *Jorn* court quoted with approval from *United States v. Perez,* 22 U.S. 579, 9 Wheat 579, 6 L.Ed. 165 (1824) as follows:

"We think, that in all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, Courts should be extremely careful how they interfere with any of the chances of life, in favour of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the Judges, under their oaths of office."

■ We also are satisfied that *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed. 707 (1969), cited by defendant, adds no more to sustain the assignment than to emphasize that the double jeopardy prohibition of the fifth amendment to the federal Constitution applies to the States through the fourteenth amendment.

■■ It follows then that the complaint of petitioners is without merit. The trial court found that petitioners had agreed to a mistrial in the course of the original proceedings. We agree. Be that as it may, there is no doubt that the decisions in this state on the matter of double jeopardy fully meet the criteria fixed by the United States Supreme Court, and the consent of the defendants to a mistrial under the circumstances of this case was not required. Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendants consent and even over his objection, and he may be retried consistently with the fifth amendment. *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961).

■ The argument that the guilty pleas submitted were involuntary, is also without merit. The record of the guilty plea proceedings on which the trial judge below based his decision, plainly indicates that Vaughn took advantage of having a separate indictment for armed robbery placed on the retired docket as part of his plea bargain; while Donaldson had the benefit of an additional guilty plea to a lesser included offense on another charge of armed robbery, as well as having four other indictments on which he was charged placed on the retired docket. While it is true that those cases placed on the retired docket are

still subject to further prosecution. *State ex rel Lewis v. State,* 1 Tenn.Cr.App. 535, 447 S.W.2d 42, petitioners had the advantage of what is most likely to be the final disposition of those cases by virtue of their plea bargains. It seems apparent that this was the incentive for their guilty pleas, which we agree were voluntary, thereby foreclosing the right to raise an independent claim relating to the deprivation of constitutional rights occurring prior to their entry. See *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

The petitions in this case do not meet the mandatory requirements of T.C.A. Section 23–1807 and T.C.A. Section 23–18–23, and were properly considered, and dismissed under the provisions of T.C.A. Sections 40–3808, 3809.

The judgment of the trial court is affirmed.

WALKER, P. J., concurs.

OLIVER, J., concurred in result and filed opinion.

OLIVER, Judge (concurring).

I concur in the result, but upon different grounds.

A knowledgeable and voluntary guilty plea constitutes a waiver of the right to claim double jeopardy. 22 C.J.S. Criminal Law § 277, p. 712; *Kistner v. United States,* 332 F.2d 978 (8th Cir. 1964); *Smith v. United States,* 359 F.2d 481 (8th Cir. 1966); *Cox v. Crouse,* 376 F.2d 824 (10th Cir. 1967), *cert. den.* 88 S.Ct. 128, 389 U.S. 865, 19 L.Ed.2d 136; *United States v. Hoyland,* 264 F.2d 346 (7th Cir. 1959), *cert. den.* 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83. In *Kistner v. United States, supra,* the Court said:

"... Constitutional immunity from double jeopardy is a personal defense which must be affirmatively pleaded at trial and is waived by a plea of guilty along with all non-jurisdictional defects, facts and defenses. See *Harris v. United States,* 237 F.2d 274 (8th Cir. 1956) and

*Harris v. United States,* 288 F.2d 790 (8th Cir. 1961)."

See also: *People v. Burks,* 204 C.A.2d 494, 22 Cal.Rptr. 414; *Cox v. State,* 197 Kan. 395, 416 P.2d 741; *State v. Ward,* 198 Kan. 61, 422 P.2d 961; *Commonwealth v. Therrien* (Mass.S.Ct.), 269 N.E.2d 687; *People v. Walker,* 28 Mich.App. 650, 184 N.W.2d 742; *State v. Gainey,* 265 N.C. 437, 144 S.E.2d 249; *Barnett v. Gladden,* 237 Or. 76, 390 P.2d 614, *cert. den.* 379 U.S. 947, 85 S.Ct. 445, 13 L.Ed.2d 545; *Commonwealth v. Nyman,* 218 Pa.Super. 221, 275 A.2d 836.

Moreover, equally conclusive in this case, the double jeopardy question is waived if it is not presented to the trial court before entering upon a trial upon the merits, and may not be raised for the first time in a collateral proceeding. 22 C.J.S. Criminal Law § 277, p. 711; *Morlan v. United States,* 230 F.2d 30 (10th Cir. 1956); *Bracey v. Zerbst,* 93 F.2d 8 (10th Cir. 1937); *Callahan v. United States,* 35 F.2d 633 (10th Cir. 1929); *Brady v. United States,* 24 F.2d 399 (8th Cir. 1928); *United States v. Scott,* 150 U.S.App.D.C. 323, 464 F.2d 832 (D.C.Cir. 1972); *Barker v. Ohio,* 328 F.2d 582 (6th Cir. 1964); *Whitten v. Tomlinson,* 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; *People v. Westwood,* 154 Cal.App.2d 406, 316 P.2d 23; *Ex parte Hess,* 45 Cal.2d 171, 288 P.2d 5; *People v. Pollock,* 31 Cal.App.2d 747, 89 P.2d 128; *People v. Scales,* 18 Ill.2d 283, 164 N.E.2d 76; *State v. Ford,* 117 Kan. 735, 232 P. 1023; *People v. Powers,* 272 Mich. 303, 261 N.W. 543; *State ex rel. Dunlap v. Utecht,* 206 Minn. 41, 287 N.W. 229; *Lowther v. Maxwell,* 175 Ohio St. 39, 191 N.E.2d 172; *People ex rel. Williams v. Follette,* 292 N.Y.S.2d 190, 30 A.D.2d 693, affd. 24 N.Y.2d 949, 302 N.Y.S.2d 584, 250 N.E.2d 71. See also: 39 C.J.S., *Habeas Corpus* § 23.