Jones, J. (concurring).
I concur in the majority opinion.
In my view respect for the proper role of the legislative branch calls for the exercise of responsible judicial constraint in this case. Our Legislature has carefully and thoughtfully revised our State’s Penal Law. In that process recourse was had to the recasting as an affirmative defense of what is now termed "extreme emotional disturbance”. As is stated in the concurring opinion of the Chief Judge, the intelligent use of affirmative defenses makes eminently sound sense in the criminal law today. Thus, I am not prepared in the discharge of what I conceive to be my judicial responsibility and discipline to strike down the provision here under review because on one analysis the opinion of the United States Supreme Court in Mullaney v Wilbur (421 US 684) would appear to call for that result. Another reading of the same opinion leads others to a different conclusion. In that circumstance, I conclude that, until there has been an explicit determination by the Supreme Court which permits us no alternative, it serves better in this case to leave to that, court the articulation of its views than for me to assume to interpret them, particularly where experience has demonstrated that my own judgment in such matters is not infallible. (Cf. People v La Ruffa, 37 NY2d 58, 62 [my concurring opn], cert den 423 US 917; Menna v New York, 423 US 61.)