Jasen, J.
(dissenting). I would affirm the order of the Appellate Division on the ground that defendant, in not asserting the defense of constitutional double jeopardy prior to or during his second trial, in effect "waived” this personal defense (People v La Ruffa, 37 NY2d 58, cert den 423 US 917) by failing to preserve an issue of law reviewable by this court. (CPL 470.05, subd 2; People v Iannone, 45 NY2d 589, 600.)
As we recently stated in People v La Ruffa (37 NY2d 58, 60-61, supra) in reaffirming a deeply rooted body of case law, both State and Federal, the "constitutional immunity from double jeopardy is a personal right which if not timely interposed at trial may be waived (e.g., Kepner v United States, 195 US 100, 131; United States v Perez, 565 F2d 1227, 1232; United States v Young, 503 F2d 1072, 1074; United States v Conley, 503 F2d 520, 521; United States v Scott, 464 F2d 832, 833; United States v Buonomo, 441 F2d 922, 924, cert den 404 US 845; Grogan v United States, 394 F2d 287, 289, cert den 393 US 830) and which likewise may be forfeited by a plea of guilty (Cox v State of Kansas, 456 F2d 1279, 1280; Kistner v United States, 332 F2d 978, 980; United States v Hoyland, 264 F2d 346, 351, cert den 361 US 845; Berg v United States, 176 F2d 122, 125, cert den 338 US 876; Caballero v Hudspeth, 114 F2d 545, 547). Such has long been the law in this State as well. (Former Code Crim Pro, §§ 332, 339; CPL 210.20; see *12 People v Cignarale, 110 NY 23, 29; People ex rel. Williams v Follette, 30 AD2d 693, affd 24 NY2d 949; People v Lynch, 40 AD2d 856; People v Allen, 18 AD2d 840.)”
Today, the majority without paying so much as lip service to principles of stare decisis (see Baden v Staples, 45 NY2d 889; People v Hobson, 39 NY2d 479), blithely casts aside this body of law in holding that defendant’s claim of double jeopardy presents a question of law reviewable by this court notwithstanding his failure to assert this defense either prior to or during the course of his second trial. To accomplish this task, the majority strains to force the defense of double jeopardy into a narrowly drawn exception to our State preservation requirement carved from the general rule to permit appellate review, notwithstanding the absence of timely objection, of an alleged violation of certain principles of law deemed fundamental to the administration of criminal proceedings. Support for this unenviable task, apparently culled from People v Patterson (39 NY2d 288, affd 432 US 197), is misplaced.
In Patterson, we characterized the narrow exception to the preservation requirement mandated by statute (CPL 470.05, subd 2) as encompassing claimed errors which affect the organization of the court or the mode of proceedings prescribed by law. (39 NY2d, at p 295, supra.) As examples of this type of error, we pointed to the trial of a defendant before a jury of less than 12 members (Cancemi v People, 18 NY 128), and prosecution by information of an "infamous” crime where the State Constitution guaranteed such prosecution only by Grand Jury indictment (People ex rel. Battista v Christian, 249 NY 314). A claim of double jeopardy, although conceptually related to jurisdiction, does not go to either the organization of the court nor its mode of proceedings and, thus, is not reviewable in this court absent a timely objection in the trial court. Nothing in Patterson suggests that we intended to depart from our implicit holding in La Ruffa to this effect.
Nor does the majority demonstrate any sound reason for such departure. As we stated in Patterson, "[sjtrict adherence to the requirement that complaint be made in time to permit a correction serves a legitimate State purpose. (Henry v Mississippi, 379 US 443, 447.) A defendant cannot be permitted to sit idly by while error is committed, thereby allow the error to pass into the record uncured, and yet claim the error on appeal. Were the rule otherwise, the State’s fundamental *13 interest in enforcing its criminal law could be frustrated by delay and waste of time and resources invited by a defendant.” (39 NY2d, at p 295, supra.) In this regard, the majority’s contention that the State’s legitimate interests are not seriously affected by permitting assertion of a double jeopardy claim for the first time on appeal because, if successful, a defendant will not put the State to the task of retrying him a third time misses the point. Had the defendant in this case raised the claim of double jeopardy successfully at his second trial, the State would not have needlessly expended its time and money trying him a second time. It is just such delay and waste of time and resources, as well as inconvenience of witnesses, which the requirement that a defendant timely object to claimed error in the trial court was intended to obviate.
Finally, to preclude defendant from raising his claim in this court does not impermissibly impair his constitutional right not to be twice placed in jeopardy. In People v La Ruffa (37 NY2d 58, cert den 423 US 917, supra), we predicated our decision on two closely related, but conceptually distinct, grounds: first, that the defendant waived his constitutional defense of double jeopardy by failing to raise it prior to pleading guilty; and, second, that in not timely asserting this defense he in effect "waived” it by failing to preserve an issue of law reviewable by this court. In Menna v New York (423 US 61), the Supreme Court held that a defendant who unsuccessfully raises a defense of double jeopardy prior to pleading guilty does not, without more, waive his right to assert that claim thereafter. Although Menna does preclude a finding in the instant case that defendant waived his defense of constitutional double jeopardy in the sense of a knowing abandonment of this claim (see Johnson v Zerbst, 304 US 458), the Supreme Court’s denial of certiorari in La Ruffa (423 US 917), while certainly not unequivocal in significance, permits the inference that the court found constitutionally unobjectionable our holding in La Ruffa that the defendant in effect "waived” his double jeopardy claim by failing to raise timely this issue and thereby preserve an issue of law reviewable by this court. I see no valid reason for departing from that holding today.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Cooke and Judges Gabrielli, Fuchsberg and Meyer concur in Per Curiam opinion; Judge Jasen dissents *14 and votes to affirm in a separate opinion in which Judges Jones and Wachtler concur.
Order reversed, etc.