James MITCHELL, Petitioner,

v.

Harold SMITH, Warden, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 79 C 1957.

United States District Court, E. D. New York.

Oct. 3, 1979.

James Mitchell, pro se.

PLATT, District Judge.

Petitioner, James Mitchell, *pro se,* has filed in this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial, petitioner was convicted of murder in the second degree and possession of a weapon in the second degree on March 31, 1977, in New York Supreme Court, Kings County. Subsequently, petitioner was sentenced to imprisonment for a term of twenty-five (25) years to life.

Petitioner appealed, and on May 21, 1979, the Appellate Division, Second Department, unanimously affirmed the conviction without opinion. Petitioner then applied to the Court of Appeals for leave to appeal, but his application was denied (by Wachtler, J.) on August 13, 1979. Concurrently petitioner applied to the Appellate Division, Third

Department, for a writ of habeas corpus pursuant to C.P.L.R. 7002, subd. [b] para. 2. On January 25, 1979, the application was denied as being without merit, and on July 10, 1979, the Court of Appeals dismissed petitioner's motion for an extension of time within which to file a notice of appeal on the grounds that the Court did not have power to grant the relief requested in that civil proceeding.

Petitioner states five grounds in support of his present petition for a writ of habeas corpus. First, he asserts that the constitutional and statutory prohibition against double jeopardy should have prevented his re-trial and conviction on March 31, 1977, after an earlier trial on the same charge had ended in a mistrial on January 11, 1977. Specifically, the petitioner claims that the prosecutor asked the following series of cross-examination questions without a good faith basis therefor of a defense witness who had been called to give identification testimony:

Q. And the photographs were of the, basically, the upper part of the body, say from the chest up; do you remember that?

A. Yes.

Q. And do you remember Detective Strull asking you whether you can identify anybody in these photos?

A. Did I remember?

Q. Yes. Do you remember him asking you that question?

A. Yes.

Q. Now, Alice, isn't it a fact that you pointed to the picture of this defendant on that afternoon and said this is the individual who did the shooting?

A. No. I had never pointed out that that was him.

Q. Do you remember having a District Attorney come to the precinct and take a statement from you with a little with a stenographer and a little machine like that?

A. Yes.

Q. And the District Attorney asking you questions concerning the incident?

A. Yes.

Q. Didn't you tell that District Attorney that you had identified the photo of this defendant—

MR. COHEN [defense counsel]: Your Honor, may I approach the bench.

and that these questions required his attorney to move for a mistrial. Second, he asserts that "the Assistant District Attorney [prosecuting the case] committed reversible error in his opening statement to the jury." Third, he claims that it was error for the trial judge to have admitted evidence of petitioner's prior convictions. Fourth, he claims that the trial judge erred in permitting the introduction of unspecified "conversations concerning identification." Fifth, he asserts that the trial judge erred in admitting unspecified evidence in support of identification testimony by a prosecution witness. Petitioner's second through fifth grounds all relate to evidentiary rulings and will be dealt with together below.

■ The Fifth Amendment to the United States Constitution and New York C.P.L. § 40.20 (McKinney's 1971) provide that a person may not be twice prosecuted for the same offense.* Subdivisions 2(a-f) of C.P.L. § 40.20 deal with the difficult issue of which acts may be said to constitute the "same offense", and are not directly applicable here since there is no dispute that petitioner's two trials involved the same offense. However, it is well established in the case law of New York that the constitutional and statutory immunity from double jeopardy is a personal right which may be waived. See, e. g., People v. LaRuffa, 37 N.Y.2d 58, 371 N.Y.S.2d 434, 332 N.E.2d 312 (1975); People v. Soules, 38 A.D.2d 637, 326 N.Y.S.2d 894 (3d Dept. 1971). Further, one of the most common ways for the double jeopardy immunity to be waived is the defendant's motion for or consent to a mistrial at the first trial. United States v. Dinitz, 424 U.S. 600, 606–07, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); United States v. Tateo, 377 U.S. 463, 467, 84 S.Ct. 1587, 12

* The double jeopardy clause of the Fifth Amendment was held to be applicable to the states through the Fourteenth Amendment in Benton

L.Ed.2d 448 (1964); Matter of Napoli v. Supreme Court, 40 A.D.2d 159, 161, 338 N.Y.S.2d 721 (1st Dept. 1972), aff'd 33 N.Y.2d 980, 353 N.Y.S.2d 740, 309 N.E.2d 137 (1974), cert. denied, 417 U.S. 947, 94 S.Ct. 3073, 41 L.Ed.2d 668 (1974).

■ The record in this case clearly indicates that petitioner's attorney at the first trial moved for a mistrial, Trial Transcript at 557, and that the trial judge granted the mistrial in response to that motion, Id. at 559–60. Petitioner argues before this Court, however, that the waiver rule stated above is inapplicable here because his mistrial motion was prompted by bad-faith questioning on the part of the prosecutor. That conduct, petitioner argues, presented his attorney with a "Hobson's choice": to either continue with a trial he believed to be tainted with prejudicial error and hope for a reversal on appeal, or to move for a mistrial and take his chances before a second jury. Such a choice was not really a choice, he argues, and it resulted in a mistrial motion that was involuntary and not made with the implicit recognition that it would waive petitioner's double jeopardy immunity. In support of this contention, petitioner cites United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), in which the Court purportedly held that prosecutorial "overreaching" resulting in a mistrial bars a retrial, and relies on the following statement by the Court (424 U.S. at 611, 96 S.Ct. at 1081):

"The Double Jeopardy Clause . . . bars retrials where 'bad-faith conduct by judge or prosecutor,' United States v. Jorn, supra, 400 U.S. [470] at 485, [91 S.Ct. 547, at 557, 27 L.Ed.2d 543,] threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict' the defendant. Downum v. United States, 372 U.S. [734] at 736 [,83 S.Ct. 1033, at 1034, 10 L.Ed.2d 100] . . . ."

v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

While the record does indicate that the trial judge granted the mistrial motion because of what he considered bad-faith cross-examination of a defense witness by the prosecutor, Trial Transcript at 559–63, this Court does not consider that fact dispositive under the circumstances presented here. The Supreme Court circumscribed its holding in *Dinitz, supra,* a bit more narrowly than petitioner suggests, and that case, properly applied, compels this Court to find petitioner's double jeopardy claim to be without merit. In *Dinitz,* a case concededly similar in some respects to the case at bar, the Court held only that the double jeopardy clause "protect[s] a defendant against governmental actions *intended to provoke mistrial requests* and thereby subject defendants to the substantial burdens imposed by multiple prosecutions." 424 U.S. at 611, 96 S.Ct. at 1081 (emphasis added). The Court did not hold, as petitioner suggests, that a re-trial was barred in all cases of prosecutorial misconduct resulting in a mistrial. *See also, Lee v. United States,* 432 U.S. 23, 33, 97 S.Ct. 2141, 2148, 53 L.Ed.2d 80 (1977). Petitioner has made no showing, and the record does not suggest, that the prosecution's concededly bad-faith conduct was "intended to provoke" petitioner's mistrial motion or to otherwise threaten "harassment by successive prosecutions."

Indeed the trial judge found after the mistrial had been declared and after hearing the Assistant District Attorney on the subject that

> MR. CAMPBELL: Your Honor, I have done everything possible throughout this matter to assure this defendant a fair trial.
>
> THE COURT: All right. You made a mistake, but it's a mistake that caused a mistrial.

This finding of unintentional provocation is not without support in the record and it is not for us who have had no opportunity to observe the participants to hold the same to be erroneous.

Accordingly, this Court will not grant petitioner the relief he seeks on his first essential ground.

Petitioner's second through fifth grounds—all relating to asserted errors in evidentiary rulings by the trial judge—may be dealt with briefly. At the outset it should be noted that federal habeas corpus review of State criminal proceedings is limited to those errors of a constitutional magnitude which have denied a petitioner the procedural fairness required by the Fourteenth Amendment. *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Mapp v. Warden,* 531 F.2d 1167 (2d Cir. 1976), *cert. denied,* 429 U.S. 982, 97 S.Ct. 498, 50 L.Ed.2d 592 (1976). Further, State Court evidentiary rulings normally do not rise to a constitutional level so as to be redressable in a federal habeas corpus proceeding absent a showing that the challenged rulings infringed on one of a petitioner's specific constitutional rights. *Manning v. Rose,* 507 F.2d 889, 892 (6th Cir. 1974).

This Court is satisfied that all the evidentiary rulings complained of by the petitioner in grounds two through five were well within the discretionary authority of the trial judge to control the presentation of evidence at trial. Petitioner has pointed to no specific abridgement of any of his constitutional rights, and, in the absence of any suggestion that the trial judge acted in anything other than good faith, this Court must assume that his discretionary rulings were proper. Therefore, this Court finds grounds two, three, four, and five of the present petition to be without merit and will not grant relief on any or all of those grounds.

Accordingly, James Mitchell's petition for a writ of habeas corpus must be, and the same hereby is, denied in all respects.

SO ORDERED.