Thomas GREGG, Petitioner,

v.

Charles SCULLY, Superintendent, et al., Respondents.

No. 84 Civ. 4349 (SWK).

United States District Court, S.D. New York.

March 26, 1987.

Thomas Gregg, pro se, N.Y., for petitioner.

John J. Santucci, Dist. Atty., Queens County by Beverly Kalman, Asst. Dist. Atty., Kew Gardens, N.Y., for respondents.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Thomas Gregg, proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial, petitioner was convicted on November 15, 1979 in New York Supreme Court, Queens County, for the crimes of sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree.

Petitioner appealed his conviction, and on March 21, 1983, the Appellate Division, First Department, unanimously affirmed the conviction without opinion. *People v. Gregg*, 92 A.D.2d 1090, 460 N.Y.S.2d 405 (2d Dept.1983). On October 12, 1983, petitioner, proceeding *pro se*, moved to reargue the above mentioned appeal. The motion to reargue was denied without opinion on February 3, 1984. On June 22, 1984, leave to appeal to the Court of Appeals was denied.

Petitioner bases his claim for relief on the grounds that his conviction was obtained by: (1) prosecutorial misconduct; (2) the wrongful admission into evidence of certain statements made by the complainant; (3) the suppression of favorable evidence; (4) the denial of re-cross examination of the complainant; and (5) the improper use of evidence of his prior criminal record. For the reasons outlined below, the Court denies the petition.

 Gregg's third, fourth and fifth habeas corpus claims were not raised on his direct appeal. These claims were raised for the first time in petitioner's motion to reargue the direct appeal. However, as petitioner did not move to reargue until nearly seven months after his appeal was denied, it appears that his motion was untimely. Rule 670.5 of the Second Department provides that "[m]otions to reargue a cause ... shall be made within 30 days after the cause shall have been decided, except that for good cause shown, the court may consider any such motion when made at a later date." Procedural default was raised by the respondents' opposition to the motion to reargue and the Appellate Division affirmed without opinion. Therefore, this Court must assume that the Appellate Division decided the case on a procedural ground.[1] *Edward v. Jones*, 720 F.2d 751, 754 (2d Cir.1983), *cert. denied*, 469

---

1. The Second Circuit generally adheres to the conclusion that when a state court affirms without opinion and the state advanced both procedural and substantive arguments, the affirmation is based on procedural grounds. The conclusion that the appellate court did not reach the merits of the issue does not apply in cases involving the deprivation of a fundamental constitutional right. *Hawkins v. LeFevre*, 758 F.2d 866 (2d Cir.1985). Gregg's third, fourth and fifth habeas corpus claims do not trigger this exception because there has been no violation of a fundamental right. These claims were adequately rebutted in respondents' memorandum of law in opposition to petitioner's application for a writ of habeas corpus.

U.S. 854, 105 S.Ct. 178, 83 L.Ed.2d 113 (1984); *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir.1982), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). Accordingly, as to these claims there was an unexcused procedural waiver constituting a bar to federal habeas corpus review. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ Petitioner's claim that his conviction was obtained by the wrongful admission into evidence of certain statements made by the complainant (habeas corpus Claim # 2) is without merit. "[F]ederal habeas corpus review of State criminal proceedings is limited to those errors of a constitutional magnitude which have denied a petitioner the procedural fairness required by the Fourteenth Amendment." *Mitchell v. Smith,* 481 F.Supp. 22, 25 (E.D.N.Y.1979), *aff'd,* 633 F.2d 1009 (2d Cir.1980), *cert. denied,* 449 U.S. 1088, 101 S.Ct. 879, 66 L.Ed.2d 814 (1981) (citations omitted). This Court is satisfied that all the evidentiary rulings were well within the discretionary authority of the trial judge to control the presentation of evidence at trial.

■ Gregg's claim that his conviction was obtained by prosecutorial misconduct (habeas corpus claim # 1) is unsubstantiated. He merely states in a conclusory fashion that:

> Appellant's trial was so tainted by prosecutorial misconduct and errors apparently borne of the prosecutor's Lack of knowledge of the Law so as to have rendered that trial unfair despite the trial court's several efforts to expiate the various prosecutorial taints.

Petition at ¶ 12 A.[2] This claim is adequately rebutted by respondents' memorandum of law in opposition to petitioner's application for a writ of habeas corpus. Further,

nothing in the transcript indicates that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the conviction a denial of due process". *Darden v. Wainwright,* —— U.S. ——, 106 S.Ct. 2464, 2472, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)).

Even viewing the petition liberally, as the Court must, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Allen v. Perini,* 424 F.2d 134, 142 (6th Cir.1970), *cert. denied,* 400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970), petitioner's allegations are plainly insufficient to support a claim that petitioner is in custody in violation of the Constitution or laws of the United States. Accordingly, petitioner's application for a writ of habeas corpus is denied.

SO ORDERED.

---

2. In petitioner's direct appeal, numerous allegations of prosecutorial misconduct were raised, including claims that: the prosecutor, in his opening statement, vouched for the credibility of the complainant; the prosecutor sought to elicit sympathy from the jury for complainant's father by attempting to bring out that he was disabled as a result of having been injured in the line of duty as a police officer; the prosecutor in open court and in front of the jury said to the complainant, "Sharon, you and your family can go home"; the prosecutor was reluctant to give police reports to him prior to the testimony of the police witness; the prosecutor failed to have Grand Jury minutes transcribed prior to trial; the prosecutor attempted to have certain police reports improperly introduced into evidence; and the prosecutor conducted an improper *Sandoval* examination and failed to have the proper records to substantiate his prior convictions. *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1976).