THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD BOLLING, Appellant. [747 NYS2d 191]

The defendant was convicted of robbery in the first degree (Penal Law § 160.15 [4]) and criminal use of a firearm in the first degree (Penal Law § 265.09 [former (2)], now § 265.09 [1] [b]), for which he received concurrent sentences. The defendant contends that appellate counsel was ineffective for failing to raise on direct appeal the claim that the firearm conviction violated the prohibition against double jeopardy, based on *People v Brown* (67 NY2d 555, 560, *cert denied* 479 US 1093).

A double jeopardy claim is waived if it is not timely interposed at trial (*see People v La Ruffa,* 37 NY2d 58, *cert denied* 423 US 917). Since the defendant failed to raise a double jeopardy claim before entry of the judgment of conviction, the issue was unpreserved for appellate review, and appellate counsel cannot be considered ineffective for failing to raise it on the defendant's direct appeal (*see People v Villante,* 292 AD2d 638; *see also Aparicio v Artuz,* 269 F3d 78, 96).

The defendant relies on the fact that a federal court vacated

his codefendant's firearm conviction on the ground that appellate counsel was ineffective for failing to raise a double jeopardy claim (*see Jackson v Leonardo,* 162 F3d 81). We do not find the decision persuasive, however, as the federal court failed to address the issue of preservation (*compare Aparicio v Artuz,* 269 F3d at 96). Furthermore, the federal court's determination that the codefendant was prejudiced by his counsel's failure to seek vacatur of the firearm conviction was based on speculation that the conviction might be taken into account if state and federal enhanced sentencing statutes are changed in the future. Santucci, J.P., S. Miller, O'Brien and Krausman, JJ., concur.